**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
6464 W. Sunset Blvd., Ste. 960
Los Angeles, CA 90028
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com
Attorneys for Plaintiff
JENNIFER G. HIGUERA

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| JENNIFER G. HIGUERA,<br><br>Plaintiff,<br>vs.<br><br>TESLA, INC., EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendants. | Case No.: 2:20-cv-3450<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>1. **VIOLATIONS OF THE FAIR CREDIT REPORTING ACT [15 U.S.C. § 1681]**<br>2. **VIOLATIONS OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT [CAL. CIV. CODE § 1785, *ET. SEQ.*]**<br>3. **VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTIONS PRACTICES ACT [CAL. CIV. CODE § 1788, *ET. SEQ.*]** |

## INTRODUCTION

1. JENNIFER G. HIGUERA (Plaintiff) brings this action to secure redress from Tesla, Inc. (hereinafter "Tesla") for violations of the Fair Credit Reporting Act ("FCRA"), the California Consumer Credit Reporting Agencies Act ("CCCRAA"), and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), and from Equifax Information Services, LLC for violations of the FCRA and CCCRAA.

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff is an individual, residing in South Gate, CA. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing.

5. Defendant Tesla is a California corporation, with its headquarters located in Palo Alto, California. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect debts alleged to be due another and Defendant is a "debt collector" as defined by the FDCPA and the RFDCPA.

6. Tesla engaged in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b) and Cal. Civ. Code § 1785.25(a). Defendant is a "person" as defined by the FCRA, Section 1681a(b), and Cal. Civ. Code § 1785.3(j).

7. Tesla is and was, at all relevant times stated herein, an entity which engaged in the practice of furnishing consumer information to consumer reporting

agencies, and is therefore a "furnisher of information" as contemplated by Cal. Civ. Code § 1785.25(a). Defendant is a "person" as defined by Cal. Civ. Code § 1785.3(j).

8. Defendant, Equifax Information Services, LLC (hereinafter "Equifax"), is a limited liability company with its principal place of business located at 1550 Peachtree St. NW Atlanta, Georgia, 30309. At all relevant times herein, Defendant, Equifax, was an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f). Likewise, Equifax is a "consumer reporting agency" within the meaning of the CCRAA, Cal. Civ. Code § 1785.3(d).

9. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

10. Plaintiff is informed and believes and on that basis alleges that Defendants is responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants, or as their agents, servants, employees, and that each of them are legally liable to Plaintiff, as set forth below.

## FACTUAL ALLEGATIONS

11. Within one year prior to the filing of this action, Tesla attempted to collect money, property or their equivalent, due or owing or alleged to be due or owing from Plaintiff by reason of a consumer credit transaction and/or "consumer debt."

12. Plaintiff does not owe the debt Tesla is attempting to collect from her.

13. Tesla is furnishing false and inaccurate credit information to Equifax regarding an alleged debt which Plaintiff does not owe. Specifically, Defendant is

falsely and inaccurately reporting that Plaintiff owes money for an outstanding balance.

14. On or about January 12, 2020 and again on February 23, 2020, Plaintiff sent dispute correspondence to Equifax advising that she does not have a Tesla account and that the Tesla account listed on her credit report is not hers, and, requesting deletion of the Tesla account from her credit file.

15. Upon receipt of Plaintiff's dispute, Equifax sent an automatic customer dispute verification form informing Tesla that Plaintiff was disputing Tesla's credit-reporting of the account on her credit file.

16. As of the date of the filing of this complaint, Tesla continues to furnish inaccurate information regarding a Tesla debt and a Tesla account on Plaintiff's credit file.

17. Despite Plaintiff's exhaustive efforts to date to remove this erroneous information, Defendants have nonetheless repeatedly, deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable investigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to include accurate information, have failed to report on the results of the reinvestigations and have continued to report the derogatory information about Plaintiff.

18. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

19. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

20. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the negative entry appearing on

Plaintiff's credit file, which has hindered and harmed her ability to obtain credit, and diminished her existing and future creditworthiness.

21. As a direct and proximate result of Defendants' above-referenced willful and/or negligent violations of the law, Plaintiff has suffered actual damages including, but not limited to, reviewing credit reports, attorney's fees, and such further expenses in an amount to be determined at trial.

## FIRST CAUSE OF ACTION

### Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.
### (Against Defendant Tesla)

23. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

24. The FCRA requires a furnisher such as Tesla after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

25. Within the last two years, defendant Tesla provided inaccurate information to the credit reporting agencies regarding Plaintiff.

26. Within the past two years, Plaintiff notified Equifax that his report concerning the Tesla trade-line was inaccurate. Thereafter, Equifax notified Tesla that Plaintiff was disputing the information Tesla had furnished to Equifax.

27. Tesla violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §s-2(b):

    a. willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

    b. willfully and negligently failing to review all relevant information concerning Plaintiffs' account provided to TESLA, INC.;

c. willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

d. willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

e. willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

f. willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies;

g. willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff's account to credit reporting agencies; and h. willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

28. In attempting to collect the aforementioned alleged debt, Tesla, by and through their agents and employees, violated the provisions of the Fair Credit Reporting Act by furnishing information on the Plaintiff to one or more consumer reporting agencies notwithstanding the fact that Defendant knew, or consciously avoided knowing, that such information was inaccurate; to wit, Defendant Tesla, Inc. continued to report that Plaintiff owed a balance she does not owe. In so doing, Plaintiff is misrepresenting the character, status and

## SECOND CAUSE OF ACTION
**Violations of the California Consumer Credit Reporting Agencies Act,**
**Cal. Civ. Code §1785.25(a)**
**(Against Defendant Tesla)**

29. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

30. California Civil Code § 1785.25(a) states that a "person shall not

furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

31. California Civil Code § 1785.25(b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

32. California Civil Code § 1785.25(c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

33. Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

34. Based on these violations of Civil Code § 1785.25(a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

35. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs, and, such other and further relief as the Court deems proper.

### THIRD CAUSE OF ACTION

**(Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788)**

**(Against Defendant Tesla)**

36. Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

37. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act), in the following ways:

(1) Defendant violated 15 U.S.C. §1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(2) Defendant violated §1692e(2)(a) of the FDCPA by misstating the character, amount and legal status of the debt;

(3) Defendant violated 15 U.S.C. §1692e(10) by utilizing false representations or deceptive means to collect or attempt to collect any debt;

(4) Defendant violated 15 U.S.C. §1692f(1) by utilizing unconscionable means to collect or attempt to collect any debt.

38. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

39. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

## FOURTH CAUSE OF ACTION
**Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.***
**(against Defendant Equifax)**

40. Plaintiff realleges and incorporates herein by reference each and every paragraph set forth above

41. The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency

directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i(a)(l)(A).

42. The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 USC § 1681i(a)(2) (A). In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

43. Within the two years preceding the filing of this complaint, Plaintiff notified Equifax of an inaccuracy contained in its reports and asked them to correct the inaccuracy.

44. Equifax failed to conduct a reasonable reinvestigation of the inaccuracies that Plaintiff disputed, in violation of 15 U.S.C. § 1681s-2(a) and 2(b).

45. Equifax failed to review and consider all relevant information submitted by Plaintiff.

46. As a result of Equifax's failure to conduct reasonable reinvestigations in accordance with the requirements of 15 U.S.C. § 168li(a)(I), Equifax has failed to remove erroneous information in its credit reporting relating to Plaintiff, after having been notified that Plaintiff disputes that information.

47. Equifax's failure to comply with the requirements of 15 U.S.C. §1681i(a)(l) was willful within the meaning of 15 U.S.C. § 1681n(a) and negligent within the meaning of 15 U.S.C. § 1681o(a).

48. As a result of Equifax's willful and negligent noncompliance with the requirements of 15 U.S.C. §§ 1681e(b) and 168li(a)(1), Plaintiff has suffered damage to his credit ratings and other actual damages and is entitled to actual,

statutory and punitive damages under 15 U.S.C. §§ 1681n(a) and o(a) .

# FIFTH CAUSE OF ACTION

## Willful Failure to Employ Reasonable Procedures To Ensure Maximum Accuracy of Credit Reports in Violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b)

### (Against Defendant Equifax)

49. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

50. Defendant Equifax is regularly engaged in the practice of assembling and evaluating consumer credit information for the purpose of preparing consumer reports, as that term is defined in 15 U.S.C. § 1681a(d) and Cal. Civ. Code § 1785.3(c), commonly referred to as Credit Reports, and furnishing these Credit Reports to third parties.

51. Defendant Equifax uses means and facilities of interstate commerce for the purpose of preparing and furnishing Credit Reports and, hence, is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(t). Defendant Equifax is likewise a "consumer reporting agency" within the meaning of Cal. Civ. Code § 1785.3(d).

52. In preparing Credit Reports, Defendant Equifax has failed to use reasonable procedures to, as required by law, "assure maximum possible accuracy" of information relating to the discharged debts of Plaintiff, in violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b).

53. As a result of Defendant Equifax's failure to use reasonable procedures in accordance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b), Equifax is falsely reporting that Plaintiff opened accounts and incurred debt that were in fact opened and incurred by the identity thief.

54. Defendant Equifax's failure to comply with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b) is willful within the meaning of 15 U.S.C. § 1681n(a) and Cal. Civ. Code § 1785.31(a)(2), respectively.

55. As a result of Defendant Equifax's willful noncompliance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code. § 1785.14(b), Plaintiff is entitled to statutory and punitive damages under 15 U.S.C. § 1681n(a)(1) and (a)(2) and punitive damages under Cal. Civ. Code §§ 1785.31(a)(1) and (a)(2), respectively.

56. As a further result of Defendant Equifax's willful noncompliance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code. § 1785.14(b), Plaintiff has suffered damage to her credit rating and other actual damages.

### SIXTH CAUSE OF ACTION
**Negligent Failure to Employ Reasonable Procedures To Ensure Maximum Accuracy of Credit Reports in Violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b)**

**(Against Defendant Equifax)**

57. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

58. In preparing credit reports relating to Plaintiff, Defendant Equifax has failed to follow reasonable procedures to assure maximum accuracy of information it puts in Credit Reports in violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b).

59. As a result of Defendant Equifax's failure to follow reasonable procedures in accordance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b), Defendant Equifax is falsely reporting that Plaintiff opened accounts and incurred debt that were in fact opened and incurred by the identity thief.

60. Defendant Equifax's failure to comply with the requirements of 15 U.S.C. § 1681 e(b) and Cal. Civ. Code § 1785.14(b) is negligent within the meaning of 15 U.S.C. § 1681o(a) and Cal. Civ. Code § 1785.31(a)(l), respectively.

61. As a result of Defendants' negligent violations of the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b), Plaintiffs has suffered

damage to her credit rating and other actual damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

62. an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C § 1681(n), Cal. Civ. Code § 1788.30(a), and Cal. Civ. Code § 1785.31(a)(2)(A);

63. an award of statutory damages of $ 1,000.00 per willful violation of the FCRA, pursuant to 15 U.S.C § 1681(n) and 15 U.S.C. § 1681(o);

64. an award of statutory damages of $ 1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

65. an award of punitive damages under 15 U.S.C § 1681(n) and 1681(0);

66. an award of punitive damages of $ 100.00 - $ 5,000.00 per willful violation of Cal. Civ. Code § 1785.14;

67. an award of punitive damages of $ 100.00 - $ 5,000.00 per willful violation of Cal. Civ. Code § 1785.25(a);

68. an award of attorneys' fees and costs pursuant to 15 U.S.C § 1681(o), Cal. Civ. Code § 1785.31(d), and Cal. Civ. Code § 1788.30(c).

69. Providing such further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff's demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: April 14, 2020     **MARTIN & BONTRAGER, APC**

By: /s/ G. Thomas Martin, III
G. Thomas Martin, III
*Attorneys for Plaintiff*